IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MELVIN T. HOUSTON,

        Plaintiff,

v.                                  CV 08-1168 WPL/DJS

CASA CHEVROLET, INC., AND
GROUP 1 AUTOMOTIVE, INC.,

        Defendants.

**ORDER DENYING MOTION TO STRIKE AND
GRANTING MOTION TO FILE SURREPLY**

Houston filed a motion to strike Group 1 Automotive, Inc., (Group 1)'s reply on the pending motion for summary judgment and, in the alternative, to grant Houston leave to file a surreply. (Doc. 99.) For the following reasons, I deny the motion to strike and grant Houston leave to file a surreply.

Houston moves to strike Group 1's reply (Doc. 97) on the basis that it is untimely. (Doc. 99 at 2-3.) Group 1's reply was untimely. The Federal Rules of Civil Procedure, in combination with this District's local rules, allow a party seventeen days to respond to an electronically filed pleading. *See* D.N.M.LR-Civ. 7.4(a) (requiring that a reply be filed "within fourteen (14) days after service of the response."); FED. R. CIV. P. 6(d) (adding three days to any period where service of a document is made through electronic filing).

Houston appears to concede that the clock for the reply by Group 1 started when Houston filed his corrected response on September 7, 2010. (Doc. 99 at 2 ¶ 6.) Thus, the seventeen day

1

period, excluding September 7, *see* FED. R. CIV. P. 6(a)(1)(A), expired on Friday, September 24. Group 1 miscalculated the seventeen day period and concluded that it expired on Saturday, September 25. (Doc. 100 at 4.) Therefore, it did not believe it was required to file until the next business day, or Monday, September 27. *See* FED. R. CIV. P. 6(a)(1)(C). I have discretion to strike or excuse a late filing; however, late filings are generally excused absent some prejudice to the other party. *Spencer v. Wal-Mart Stores, Inc.*, 203 F. App'x 193, 194 (10th Cir. 2006) (citing *Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 712 (10th Cir. 2005). Here, the single day of delay did not prejudice Houston. I excuse the untimeliness and deny Houston's motion to strike.

Group 1 opposes Houston's motion to file a surreply because Houston allegedly failed to both seek its concurrence and state grounds warranting the surreply. (Doc. 100 at 5-8.) Houston contends that a surreply is warranted because Group 1's reply raised new arguments related to the admissibility of affidavits by two former managers at Casa Chevrolet. (Doc. 99 at 3.) In ruling on Group 1's motion for summary judgment, I will consider statements and arguments included in the Group 1's reply. I must, therefore, grant Houston leave to file a surreply. *See Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164-65 (10th Cir. 1998).

However, Houston's motion contains the arguments that he wishes to set forth (Doc. 99 at 4-7), so no further reply will be permitted. Houston should refrain from attaching law review articles or other authority to further motions or memoranda.

IT IS SO ORDERED.

*William P. Lynch*
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.