# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MELVIN T. HOUSTON,

      Plaintiff,

v.                                              CV 08-1168 WPL/DJS

CASA CHEVROLET, INC. and
GROUP 1 AUTOMOTIVE, INC.,

      Defendants.

## ORDER TO SHOW CAUSE

This matter is before me *sua sponte*. On May 11, 2010, I entered an Order setting a Jury Trial and a Pretrial Conference in this case. (Doc. 75.) This order stated, in relevant part, "Witness lists, designations of deposition testimony, exhibit lists and books of exhibits, a statement of the case, jury instructions, requested voir dire, and motions in limine are due **October 18, 2010**. Any responses or objections are due **October 25, 2010**." (*Id.* at 1.) The only timely documents submitted by Plaintiff's counsel, Nathaniel V. Thompkins, were witness lists and exhibit lists. (Doc. 107.) He submitted proposed voir dire on October 21, 2010. (Doc. 109.)

I held a status conference with the parties on October 22, 2010. (Doc. 112.) During that conference, the parties informed me that they would collaborate and submit the outstanding documents within the week. The documents were not submitted. This failure required me to submit another order demanding that the parties submit the outstanding documents on October 27, 2010. (Doc. 113.) Specifically, I stated, "The parties must submit the **pretrial order**, **exhibit books**, the **statement of the case**, and **jury instructions** by **November 1, 2010**, at the

1

latest." (*Id.* at 1.)

Mr. Thompkins sent a letter to me by facsimile on November 1, 2010, stating that he would not be able to comply with my October 27 order. (Attachment 1 to this Order.) On the same date, he submitted a motion in limine regarding Group 1's witness and exhibit lists. (Doc. 116.) He submitted proposed jury instructions on November 4, 2010. (Doc. 123.) I also received his exhibit books on November 4, 2010.

Because of a pending settlement conference and a conflict with Mr. Thompkins' schedule, I reset the Pretrial Conference in this matter. (Doc. 112; Doc. 113.) The conference was rescheduled to November 5, 2010 at 2 p.m., following the parties' settlement conference. (Doc. 113.) The case did settle during the settlement conference. (Doc. 124.) I did not, however, cancel the scheduled conference. Nevertheless, Mr. Thompkins did not appear at the conference.

Mr. Thompkins has repeatedly failed to comply with my orders (Doc. 75; Doc. 113.) Furthermore, he failed to appear at a scheduled conference before this Court. Rule 16(f) allows me to impose sanctions where an attorney "fails to appear at a scheduling or other pretrial conference . . ." or "fails to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f)(1)(A), (C). I have inherent powers to institute contempt proceedings against a party who disobeys my orders. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980); *Law v. Nat'l Collegiate Athletic Ass'n*, 134 F.3d 1438 (10th Cir. 1998).

Accordingly, Mr. Thompkins is hereby ordered to show cause why his failure to comply with my orders and his failure to appear at the conference should not lead to the imposition of sanctions under Rule 16 or to the institution of civil or criminal contempt proceedings.

**IT IS ORDERED** that Plaintiff's counsel, Nathaniel V. Thompkins, Esq., shall appear in

person on **November 15, 2010 at 9:00 a.m.** in the **Organ Courtroom (4th Floor, South Tower)** of the United States Courthouse and Federal Building, **100 North Church Street, Las Cruces, N.M.**, to show cause as described above.  Plaintiff Houston, Defendants and their counsel need not attend, but Mr. Thompkins may appear with the representation of counsel if he so chooses.

      IT IS SO ORDERED.

                                              *William P. Lynch*
                                     William P. Lynch
                                     United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.     4